# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**GRAYSON INC. d/b/a CENTER POINT** ]
**WHOLESALE TRANSMISSIONS,** ]
                             ]
    **Plaintiff,** ]
                             ]
**v.**                       ]    **CV-13-CV-1256**
                             ]
**GLOBAL PAYMENTS DIRECT, INC.,** ]
                             ]
    **Defendant** ]
                             ]

## MEMORANDUM OPINION

This diversity case, alleging breach of contract and tort claims under Alabama law, comes before the court on Defendant Global Payments Direct, Inc.'s Motion to Dismiss (doc. 3). The Plaintiff responded (doc. 8), and the Defendant filed a reply (doc. 8). For the reasons stated in this Memorandum Opinion, the court FINDS that the motion is due to be GRANTED IN PART and DENIED IN PART; more specifically, the court will DENY the motion as to the breach of contract claim but will GRANT the motion as to the negligence and wantonness claims as well as the claim for mental anguish damages.

## I.  FACTS

The Complaint includes the following facts.

The Plaintiff, Grayson, Inc., is an Alabama corporation that does business under the name Center Point Wholesale Transmissions. Grayson had a contract with the Defendant, Global Payments Direct, Inc., providing that Global would accept and transfer credit card charges for the

1

benefit of Grayson, making deposits into Grayson's bank account less an agreed-upon percentage fee that Global would retain as payment for its services.

For years before the incident made the basis of this suit, Global accepted payment on behalf of Grayson and made deposits into Grayson's account. Then, in December of 2012, a change occurred. During that month, Global accepted payments on behalf of Grayson in the amount of $14,654.96, but did not deposit payments into Grayson's account. Even though Global did not deposit money into Grayson's account during December of 2012, it nevertheless attempted to take out its percentage fee from Grayson's account, but no money was in the account. During December, Grayson wrote numerous checks on the account, relying on Global's having deposited the funds accepted on Grayson's behalf as it had done in the past. Because Global did not deposit the payments, the bank account did not have sufficient funds for the payment of the checks Grayson wrote, and the bank charged Grayson fees for insufficient funds and returned the unpaid checks to the company. When Grayson learned that the company bank account had no money in it, the company's owner placed personal money into the account. Once the account had money in it again, Global took out its percentage fee of $657.74 from Grayson's account but did not deposit the payments.

After the problem with insufficient funds, Global notified Grayson that it did not have Grayson's W-9 on file, and Global took the position that it could release no monies to Grayson's account until it received the W-9. However, Global had accepted and deposited payments on behalf of Grayson for years without requiring a W-9 on file.

On May 16, 2013, Grayson filed the instant suit in the Circuit Court of Jefferson County, Alabama against Global, alleging negligence, wantonness, and breach of contract, and

demanding $250,000 in compensatory and punitive damages.  (Doc. 1-1).  On July 5, 2013, Global removed the case to this court based on diversity jurisdiction. (Doc. 1).  On July 12, 2013, Global filed the motion to dismiss. (Doc. 3).

## II.  STANDARD OF LAW

A Rule 12(b)(6) motion to dismiss attacks the legal sufficiency of the complaint. Generally, the Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)).  A plaintiff must provide the grounds of his entitlement, but Rule 8 generally does not require "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley*, 355 U.S. at 47).   It does, however, "demand[ ] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009).   Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards nor do pleadings suffice that are based merely upon "labels or conclusions" or "naked assertions" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557.

The Supreme Court explained that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting and explaining its decision in *Twombly*, 550 U.S. at 570). To be plausible on its face, the claim must contain enough facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the

complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

The Supreme Court has recently identified "two working principles" for the district court to use in applying the facial plausibility standard. The first principle is that, in evaluating motions to dismiss, the court must assume the veracity of well-pleaded factual allegations; however, the court does not have to accept as true legal conclusions even when "couched as [] factual allegation[s]" or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. The second principle is that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679. Thus, under prong one, the court determines the factual allegations that are well-pleaded and assumes their veracity, and then proceeds, under prong two, to determine the claim's plausibility given the well-pleaded facts. That task is "context-specific" and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense. . . to infer more than the mere possibility of misconduct." Id. If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claim must be dismissed. *Id.*

### III.  ANALYSIS

Grayson's Complaint purports to bring claims for breach of contract, negligence, and wantonness. In its motion to dismiss, Global argues that the Complaint fails to state a plausible claim on any of these theories, and thus, that the court should dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### A. Breach of Contract

Global argues that the court should dismiss this claim because Grayson does not attach a copy of the contract nor does it identify the specific contract provisions or term upon which it relies in claiming that Global breached the contract. No federal rule requires a party asserting breach of contract to attach the contract. Further, Global provides the court with no case law – and the court is aware of none – to support the argument that when a complaint asserts a breach of contract claim but fails to attach or quote the contract, the claim must be dismissed as insufficient. *See, e.g., Mancini Enters., Inc. v. Am. Exp. Co.,* 236 F.R.D. 695, 698 (S.D. Fla. 2006). Rather, Rule 8(a) requires only that the Complaint sets forth "a short and plain statement of the claim showing that the pleader is entitled to relief," with a demand for relief and with "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.,* 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Under Alabama law, the elements of a breach of contract claim are (1) "'the existence of a valid contract binding the parties in the action, (2) [the plaintiff's] own performance under the contract, (3) the defendant's nonperformance, and (4) damages.'" *Poole v. Prince,* 61 So. 3d 258, 273 (Ala. 2010) (quoting *Southern Med. Health Sys., Inc. v. Vaughn,* 669 So. 2d 98, 99 (Ala. 1995)).

In the instant case, the Complaint manages to convey specific information. It states, among other things, that a contract exists between the parties calling for Plaintiff Grayson to run its business credit card charges "through the Defendant's business and then the Defendant in turn would [deposit] the money back in to the Plaintiff's account less the agreed upon percentage."

(Doc. 1-1, at 4).  The Complaint also states the specific amount of charges – $14,654.96 – Global accepted in a specific month – December of 2012 –  but alleges that Global breached the contract when it failed to deposit that amount into the account yet nevertheless extracted its fee of $657.74 from funds in Grayson's account.  Finally, the Complaint states that Grayson was damaged when, as a result of Global's failure to deposit payments, Grayson's checks bounced, Grayson paid fees for insufficient funds, and Grayson's reputation suffered.

The court FINDS that the factual assertions in the Complaint are sufficient to state a plausible claim for breach of contract.  Accordingly, the motion to dismiss is due to be DENIED as to that claim.

### B.  Negligence and Wantonness

Grayson also asserts other state law claims of negligence and wantonness arising out of the same circumstances.  The court will address the negligence and wantonness claims together because the analysis is similar, both of these claims requiring a duty.  *See, e.g., Lilya v. Greater Gulf State Fair, Inc.,* 855 So. 2d 1049, 1056 (Ala. 2003). Wantonness does, however, require factual allegations that additionally would support its definition of "reckless indifference to the consequences" of the breach. *See Smith v. Davis,* 599 So. 2d 586, 588 (Ala. 1992).

The Complaint in the instant case does not specifically identify what "duty" Global breached, and focuses instead on Global's failure to perform under the contract. Thus, based on the allegations of the Complaint, the court must conclude that the "duty" allegedly negligently and wantonly performed arises out of the contract and is not separate and apart from it, and further, that the breach of the duty forming the basis of these tort claims is the breach of the contract itself.

Alabama law does not recognize tort liability from the mere failure to perform a contract. *See, e.g., Blake v. Bank of Am.,* 845 F. Supp. 2d 1206, 1210 (M. D. Ala. 2012) (quoting the following from *Vines v. Crescent Transit Co.,* 85 So. 2d 436, 440 (Ala. 1956): "a negligent failure to perform a contract ... is but a breach of the contract"); *see also Barber v. Bus. Prods. Ctr., Inc.,* 677 So. 2d 223, 228 (Ala. 1996) ) ("However, a mere failure to perform a contractual obligation is not a tort."), *overruled on other grounds by White Sands Grp., LLC v. PRS II, LLC,* 32 So. 3d 5 (Ala. 2009).

In the instant case, Grayson's Complaint does not provide facts supporting the existence of a legal duty independent of the contract itself. Thus, based on the allegations of the Complaint, the court FINDS that Grayson has not stated a plausible claim for negligence and wantonness; the motion is due to be GRANTED as to those claims.

### C.  Mental Anguish

Global also requests that this court dismiss any damage claim for mental anguish, noting that Grayson is a business entity. In its response to the motion to dismiss, Grayson did not address this argument, and Global correctly points out in its reply that Grayson has therefore abandoned its claim for those damages. *See, e.g., Coal. for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1326 (11th Cir. 2000) ("failure to brief and argue this issue during the proceedings before the district court is grounds for finding that the issue has been abandoned")*; see also Costine v. BAC Home Loans*, __ F. Supp. 2d ___, 2013 WL 2248098, at *4 (N. D. Ala. 2013) (dismissing the claim for unjust enrichment because "Plaintiffs failed to offer any response to Defendant's argument, and therefore have abandoned their unjust enrichment claim."). The court FINDS that the motion is due to be GRANTED as to the claim

7

for mental anguish damages.

## IV.  CONCLUSION

For the reasons stated above, the court FINDS that the motion is due to be DENIED as to the claim for breach of contract, and is due to be GRANTED as to the claims for negligence and wantonness and the claim for mental anguish damages.  The breach of contract claim will proceed at this stage.

Dated this 18th day of October, 2013.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE